# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MARINER HEALTH CENTRAL, INC., *et al.*,[1] | Case No. 22- 10877 (LSS) |
| Debtors. | (Joint Administration Requested) |
| MARINER HEALTH CENTRAL, INC., PARKVIEW HOLDING COMPANY GP, LLC, AND PARKVIEW OPERATING COMPANY, LP, | Adv. Proc. 22-50419 (LSS) |
| | Hearing Date: October 25, 2022 at 11:00 a.m. (ET) |
| Plaintiffs, | |
| v. | |
| UNITED STATES OF AMERICA *ex rel.* INTEGRA MED ANALYTICS LLC, | |
| Defendant. | |

## INTEGRA MED ANALYTICS LLC'S OBJECTION TO DEBTORS' MOTION FOR AN ORDER EXTENDING THE AUTOMATIC STAY

Integra Med Analytics LLC ("**Integra**"), by and through its undersigned counsel, hereby objects to the Motion of the Debtors for an Order Extending the Automatic Stay, or in the Alternative Granting Injunctive Relief, to Stay Prosecution of the Integra Action Against Non-Debtor Affiliates (Dkt. No. 3) (the "**Stay Motion**"). Integra respectfully requests that the Court

---

[1] The Debtors, along with the last four digits of each Debtors' tax identification number, are Mariner Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating Company, LP (7273). The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.

1

deny the Stay Motion in its entirety, or in the alternative, continue the October 25, 2022 hearing (the "**Hearing**") and corresponding objection deadline.[2] In support, Integra states as follows.

## ARGUMENT

1. Integra is the relator in a *qui tam* suit brought under the False Claims Act (the "**FCA Action**") against various non-debtor skilled nursing facilities and their operators.[3] The Debtors concede that none of the defendants in the FCA Action are Debtors. Rather, Debtors claim to be affiliates of the defendants in the FCA Action, and based on that affiliation, seek to extend the automatic stay to that case. Accordingly, the Debtors filed a complaint (the "**Complaint**") initiating this adversary proceeding (Dkt. No. 1) (the "**Adversary Proceeding**"), which Debtors served on October 4, 2022. On the same day, Debtors also filed the Stay Motion—which seeks a dispositive resolution of the Adversary Proceeding—and set the Hearing for October 25, 2022. The timing of the Stay Motion flouts the Court's rules and the ordinary course of litigation in the Adversary Proceeding.

**A.    The Court should reject Debtors' efforts to deviate from Integra's ordinary obligations in the Adversary Proceeding.**

2. Debtors brought the Stay Motion pursuant in part to Federal Rule of Bankruptcy Procedure 7001. Local Rule 7001-1 makes clear that a party to an adversary proceeding "seeking relief that deviates in any manner from, or proposes additional obligations or procedures" other than the ordinary rules applying to adversary proceedings, must file a motion identifying "the good faith reason(s)" for doing so. Del. Bankr. L.R. 7001-1(a)(i)(B). The rule goes on to provide that any such motion seeking to deviate from the ordinary rules of procedure "shall not include an

---

[2] To be clear, Integra does not through this brief take a position regarding the continuance of the hearing or related deadlines for other matters being considered by the Court on October 25, 2022. On these and other matters not addressed by this objection, Integra defers to the position of the Official Committee of Unsecured Creditors.

[3] Declaration of Jeremy H. Wells (the "**Wells Decl.**") ¶3.

objection deadline earlier than the date by which the party is required to answer, move or otherwise respond to the complaint." Del. Bankr. L.R. 7001-1(a)(i)(ii).

3. Here, Debtors profoundly deviate from ordinary procedures applying to adversary proceedings. Because Debtors served Integra on October 4, 2022, Integra's answer or other responsive motion is not due until November 3. *See* Fed. R. Bankr. P. 7012. In other words, the Debtors set the Hearing on their dispositive Stay Motion for nine days before Integra is even obligated to respond to the Complaint. By doing so, Debtors imposed an objection deadline sixteen days before the deadline to respond to the Complaint. This clearly violates the letter and spirit of Local Rule 7001-1.

4. Debtors offer no Rule 7001-1 motion setting out the good faith justification for deviating from the ordinary course of litigation, and there is none. First, there are no pending motions in the FCA Action, nor are there any anticipated rulings from the District Court. As such, the risk of incurring legal expenses—as well as the "significant estoppel, preclusion and/or evidentiary prejudice"—cited by the Debtors as justification for the relief sought in both the Stay Motion and the Adversary Proceeding is entirely hypothetical. Indeed, as the Stay Motion itself makes clear, the parties in the FCA Action have neither exchanged initial disclosures nor completed their Rule 26(f) conference. Integra was patiently awaiting the defendants' response to a proposed 26(f) report when the Debtors filed the above-captioned chapter 11 cases, and Integra has not pressed the Court to enter a scheduling order over the defendants' objection. As a result, the defendants in that case are not even obligated to respond to discovery requests, let alone incur significant discovery expenses. *See* Fed. R. Civ. P. 34(b)(2)(A).

5. In fact, the only deadline currently set in the FCA Action is not until December, and even that is simply a status report/conference.[4] For the same reason, the Debtors face no pressing concern regarding the alleged indemnification, advancement claims, or depleted insurance policies referenced in the Stay Motion. Simply put, the defendants in the FCA Action are not actively litigating that dispute, and any judgment is far in the horizon. The Debtors thus had no good faith reason to set the Hearing before Integra's deadline to respond to the Complaint, and the Stay Motion should be denied.

**B.    The Court should at least continue the Hearing until a date after Integra has had an opportunity to respond to the Complaint and organize its defense.**

6. Section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of power.

11 U.S.C. § 105(a). To the extent the Court does not deny the Stay Motion outright for Debtors' failure to adhere to this Court's rules, the Court should exercise its statutory powers under section 105(a) to continue the Hearing until after Integra has had an opportunity to organize its defense and conduct reasonable discovery in the Adversary Proceeding.

7. Again, the Complaint was served a mere two weeks ago, and Integra has not even had time to consider whether it needs separate bankruptcy counsel, let alone determine how it intends to substantively prosecute its defense.[5] This is particularly notable given that the United

---

[4] Wells Decl. ¶ 12.

[5] The undersigned are lead counsel in the FCA Action and are representing Integra in these chapter 11 cases on short notice.

States has a vested interest in the FCA Action. *See generally* 11 U.S.C. § 3729, *et seq*. Indeed, pursuant to its obligations as an FCA relator, Integra initially endeavored to coordinate its response to the Adversary Proceeding with the United States—which further complicated the confusion brought on by Debtors' unnecessarily aggressive timeline.[6]

8. Perhaps more fundamentally, Integra has not had the opportunity to conduct the discovery needed to assess the Stay Motion. For instance, the Debtors cite the depletion of insurance policies, but have not provided those policies as they would be obligated to do if the Adversary Proceeding were litigated in ordinary course. *See* Fed. R. Civ. P. 26(a)(1)(A)(iv); Fed. R. Bankr. P. 7026. The Debtors also cite indemnification and advancement obligations, but only provide one example agreement that, even taking Debtors' allegations at face value, is only pertinent to one defendant in the FCA Action. In short, as currently scheduled, the Hearing (and deadlines for an objection to the Stay Motion) completely frustrate Integra's ability to conduct discovery and test the evidence supporting the relief sought through this Adversary Proceeding.

9. Finally, given the pending motion to transfer the venue of the chapter 11 cases—which is set to be heard on the same day as the Stay Motion—a decision on the Stay Motion may be a complete waste of time and resources for the Court and counsel alike. Should the Debtors' chapter 11 cases be transferred to the Northern District of California, the Adversary Proceeding will likewise have to be transferred. Thus, at the very least, the hearing should be continued until after a determination of the proper venue.

10. It bears emphasis that continuing the Hearing will not result in prejudice to the Debtors. Debtors have identified four reasons why an extension of the automatic stay is appropriate: (a) the preclusive effect of decisions by the District Court in the FCA Action, (b) the

---

[6] Wells Decl. ¶¶ 14-15.

cost of discovery in the FCA Action, (c) alleged indemnification and advancement claims from defendants in the FCA Action, and (d) depletion of alleged relevant insurance policies. *See* Stay Motion at ¶ 3. But again, there is no imposing discovery deadlines or pending motions in FCA Action. Thus, even assuming *arguendo* the concerns set out in the Complaint are legitimate—which Integra doubts—they are indisputably not pressing concerns that will be exacerbated by a continuance.[7]

## CONCLUSION

11.     For the foregoing reasons, Integra respectfully requests that the Court deny the Stay Motion. Short of that, Integra respectfully requests that the Court continue the hearing on the Debtors' Stay Motion until such time as Integra has had the opportunity to conduct necessary discovery and organize its defense to the Adversary Proceeding.

---

[7] Integra raised these concerns with opposing counsel, who advised that they would not consent to moving the Hearing. Wells Decl. ¶ 17.

Dated: Wilmington, Delaware
       October 18, 2022

Respectfully submitted,

*/s/ Jessica Zeldin*
Norman M. Monhait (Del. Bar No. 1040)
Jessica Zeldin (Del. Bar No. 3558)
**REID COLLINS & TSAI LLP**
300 Delaware Avenue, Suite 770
Wilmington, DE 19801
T: 302.467.1765
F: 302.467.1772

Jeremy H. Wells (*pro hac vice to be filed*)
jwells@reidcollins.com
**REID COLLINS & TSAI LLP**
1301 S. Capital of Texas Hwy.
Building C, Suite 300
Austin, Texas 78746
T: 512.647.6100
F: 512.647.6129

*Counsel for Relator Integra Med Analytics LLC*