# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MARINER HEALTH CENTRAL, INC., *et al.*,[1] | Case No. 22- 10877 (LSS) |
| Debtors. | (Joint Administration Requested) |
| MARINER HEALTH CENTRAL, INC., PARKVIEW HOLDING COMPANY GP, LLC, AND PARKVIEW OPERATING COMPANY, LP, | Adv. Proc. 22-50419 (LSS) |
| Plaintiffs, | **Hearing Date: October 25, 2022 at 11:00 a.m. (ET)** |
| v. | |
| UNITED STATES OF AMERICA *ex rel.* INTEGRA MED ANALYTICS LLC, | |
| Defendant. | |

## DECLARATION OF JEREMY H. WELLS IN SUPPORT OF INTEGRA MED ANALYTICS LLC'S OBJECTION TO DEBTORS' MOTION FOR AN ORDER EXTENDING THE AUTOMATIC STAY

I, Jeremy H. Wells, declare as follows:

1. I am a partner at Reid Collins & Tsai LLP, counsel for Integra Med Analytics LLC ("**Integra**") in the above-captioned Adversary Proceeding and counsel for Integra in the FCA Action (defined and described below).

2. I submit this declaration in support of Integra's Objection to Debtors' Motion for an Order Extending the Automatic Stay, which is being filed concurrently herewith.

---

[1] The Debtors, along with the last four digits of each Debtors' tax identification number, are Mariner Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating Company, LP (7273). The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.

1

3. The facts in this Declaration are based on my personal knowledge and/or my review of the relevant documents and filings referenced in the Debtors' motion and Integra's objection. I am authorized to submit this Declaration on behalf of Integra and, if called upon to testify, I could testify competently to the facts set forth herein.

4. Integra is a forensic data analytics firm seeking to restore integrity to the healthcare system and specializing in identifying fraud, waste, and abuse in the healthcare industry.

5. On December 6, 2017, Integra filed a *qui tam* action under the federal False Claims Act (the "**FCA Action**") against various entities that owned and/or operated skilled nursing facilities. To Integra's knowledge, none of the defendants in the FCA Action are debtors in the above-captioned chapter 11 cases.

6. On June 12, 2019, the United States declined to intervene in the FCA Action, and Integra commenced prosecuting the action as a relator.

7. The defendants in the FCA Action filed a motion to dismiss, which was fully briefed on August 17, 2020. But because of the global pandemic caused by the COVID-19 virus, and given the nature of the defendants' business, the FCA Action was stayed shortly thereafter.

8. On May 17, 2021, the parties agreed that the stay should be lifted, and the Court proceeded with consideration of the defendants' motion to dismiss, which the Court denied on August 5, 2021.

9. The parties then entered extensive negotiations over, among other things, the terms of an agreed protective order and the form of the report required by the Court pursuant to Federal Rule of Civil Procedure 26(f).

10. During this process, and before the parties filed their Rule 26(f) report, the Debtors commenced the above-captioned chapter 11 cases. The Debtors also commenced this Adversary Proceeding.

11. The parties to the FCA Action disagreed as to whether the automatic stay applied to the FCA Action. But to facilitate that and other ongoing discussions, the parties asked the Court to continue a pending status conference set for October 4, 2022, and to reschedule the status conference for December.

12. The Court granted this request and set the status conference for December 13, with a status report due December 6.

13. Meanwhile, on October 4, 2022, the Debtors served the complaint initiating the Adversary Proceeding and concurrently filed a dispositive motion in the Adversary Proceeding to enforce the stay (the "**Stay Motion**"). The Debtors set the hearing for the Stay Motion for October 25, 2022, and the objection deadline for October 18.

14. That same day, I e-mailed the Assistant U.S. Attorney assigned to monitor the FCA Action to inquire as to the United States' position on the Adversary Proceeding.

15. The United States did not substantively respond to these inquiries until Wednesday, October 12.

16. Although I had hoped to get the United States' position on the motion to continue the hearing before conferring with the Debtors, the hearing date was fast-approaching. Thus, on October 7, 2022, I conferred with opposing counsel to inquire whether they would agree to continue the hearing. I pointed out that the defendants in the FCA Action are not in any pressing danger of incurring discovery costs, and thus there was no need for the aggressive timeline that they set out in the case.

17. Opposing counsel replied that they would not agree to continue the hearing and would oppose any request to do so.

18. They offered no response as to the necessity to hold the hearing on October 25, 2022. My exchange with opposing counsel is attached hereto as Exhibit A.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on: October 18, 2022

By: _____
Jeremy H. Wells
Reid Collins & Tsai, LLP, Partner